ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

November 6, 2008

Mr. Mike Geeslin
Commissioner of Insurance
Texas Department of Insurance
Post Office Box 149104
Austin, Texas 78714-9104

Opinion No. GA-0680

Re: Whether the Texas Department of Insurance may access criminal history record information that is subject to a nondisclosure order under Government Code section 411.081(d)   (RQ-0713-GA)

Dear Commissioner Geeslin:

Government Code section 411.081(d) authorizes a person who has successfully completed a deferred adjudication community supervision for an offense to petition a court for an order prohibiting the disclosure of criminal history record information ("CHRI") related to the offense giving rise to the deferred adjudication. *See* TEX. GOV'T CODE ANN. § 411.081(d) (Vernon Supp. 2008); *see also id.* §§ 411.081(f) (describing "deferred adjudication community supervision"), .082(2) (defining criminal history record information). If the court issues the nondisclosure order, a criminal justice agency may disclose CHRI subject to the order only to other criminal justice agencies and entities specified in the statute. *See id.* You inform us that the Texas Department of Insurance (the "Department") generally obtains CHRI as part of licensing individuals or entities to engage in the business of insurance in the state.[1] You ask whether the Department may access CHRI that is subject to a section 411.081(d) nondisclosure order. Request Letter, *supra* note 1, at 1–2.

## I.    Legal Background

Chapter 411, subchapter F of the Government Code generally regulates the use, access, and dissemination of CHRI maintained by the Texas Department of Public Safety ("DPS"). *See* TEX. GOV'T CODE ANN. §§ 411.081–.1407 (Vernon 2005 & Supp. 2008). Section 411.083(a) provides that CHRI maintained by the DPS is confidential and may not be disseminated by the DPS except as provided by subchapter F. *Id.* § 411.083(a) (Vernon Supp. 2008). Section 411.083(b) directs the DPS to provide such information to, among others, "noncriminal justice agencies authorized by federal statute or executive order or by state statute to receive [CHRI]." *Id.* § 411.083(b)(2). Under section 411.106, the Department "for good cause shown is entitled to obtain from" the DPS the

---

[1]*See* Letter from Mike Geeslin, Commissioner of Insurance, Texas Department of Insurance, to Honorable Greg Abbott, Attorney General of Texas, at 1 (May 8, 2008) (on file with the Opinion Committee, *also available at* http://www.texasattorneygeneral.gov) [hereinafter Request Letter].

CHRI relating to a person that is (1) an applicant for a license or other authorization from the Department to engage in an activity regulated by the Insurance Code or (2) a corporate officer of a Department-regulated insurance company. *Id.* § 411.106(a) (Vernon 2005).

As you note, however, section 411.081(d) restricts the access granted to the Department under sections 411.083 and 411.106. *See* Request Letter, *supra* note 1, at 2. Section 411.081(d) provides in relevant part that:

> *Notwithstanding any other provision of this subchapter* [F], if a person is placed on deferred adjudication community supervision under Section 5, Article 42.12, Code of Criminal Procedure, subsequently receives a discharge and dismissal under Section 5(c), Article 42.12,[2] and satisfies the requirements of Subsection (e), the person may petition the court . . . for an order of nondisclosure under this subsection . . . . After notice to the state and a hearing . . . , the court shall issue an order prohibiting criminal justice agencies from disclosing to the public criminal history record information related to the offense giving rise to the deferred adjudication. A criminal justice agency may disclose criminal history record information that is the subject of the order *only to other criminal justice agencies, for criminal justice or regulatory licensing purposes, an agency or entity listed in Subsection (i), or the person who is the subject of the order.*

TEX. GOV'T CODE ANN. § 411.081(d) (Vernon Supp. 2008) (emphasis and footnote added).

## II.     Analysis

Your question requires us to construe section 411.081(d) consistently with its plain language. *See Leland v. Brandal*, 257 S.W.3d 204, 206 (Tex. 2008) (stating that a court looks first to a statute's language to determine legislative intent). The statute, read in a way that makes grammatical sense of the language following the preposition "to," permits the DPS or another criminal justice agency to disclose CHRI that is the subject of the nondisclosure order to only three categories of persons: (1)"to" other criminal justice agencies, for criminal justice or regulatory licensing purposes, (2) "to" an agency or entity listed in subsection (i) of section 411.081, or (3) "to" the person who is the subject of the order. TEX. GOV'T CODE ANN. § 411.081(d) (Vernon Supp. 2008); *see also id.* § 311.011(a) (Vernon 2005) (language to be construed according to rules of grammar and common usage).

---

[2]Texas Code of Criminal Procedure article 42.12, section 5(a) provides that "when in the judge's opinion the best interest of society and the defendant will be served, the judge may, after receiving a plea of guilty or plea of nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings *without entering an adjudication of guilt,* and place the defendant on community supervision." TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(a) (Vernon Supp. 2008) (emphasis added). Under section 5(c), "[o]n expiration of a community supervision period . . . , if the judge has not proceeded to adjudication of guilt, the judge shall dismiss the proceedings against the defendant and discharge him." *Id.* art. 42.12, § 5(c). Except for the purposes of the imposition of repeat felony penalties under section 12.42(g), Penal Code, a dismissal and discharge "may *not be deemed a conviction for the purposes of disqualifications or disabilities imposed by law* for *conviction of an offense.*" *Id.* (emphasis added).

For purposes of this opinion, we presume that the Department is not a criminal justice agency.[3] Thus, because the Department is not a person that will be the subject of a nondisclosure order, only the second category of entities to which the information may be disclosed under section 411.081(d) is at issue here: an agency or entity listed in subsection (i) of the statute. Subsection (i) provides that "[a] criminal justice agency may disclose [CHRI] that is the subject of an order of nondisclosure to the following noncriminal justice agencies or entities *only*" and then lists twenty-four noncriminal justice entities by name or general category. TEX. GOV'T CODE ANN. § 411.081(i) (Vernon Supp. 2008) (emphasis added).

By specifying and limiting it to the twenty-four entities to which the CHRI subject to a nondisclosure order may be disclosed, the statute denies access to any other entities. *Cf. Tex. Indus. Accident Bd. v. Indus. Found.*, 526 S.W.2d 211, 218 (Tex. Civ. App.—Beaumont 1975) ("By specifically naming the sixteen exceptions from disclosure, the Legislature in effect expressed its intention to make all other records discoverable."), *aff'd*, 540 S.W.2d 668 (Tex. 1976); *see also McCalla v. State Farm Mut. Auto. Ins. Co.*, 704 S.W.2d 518, 519 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.) ("When specific exclusions or exceptions to a statute are stated by the Legislature, the intent is usually clear that no other shall apply."). Thus, subsection 411.081(d) in conjunction with subsection (i) does not permit the Department access to CHRI that is the subject of a nondisclosure order.

Moreover, section 411.081(d) is an independent provision that applies, by its plain language, notwithstanding any other provision in subchapter F. TEX. GOV'T CODE ANN. § 411.081(d) (Vernon Supp. 2008); *see also Leland*, 257 S.W.3d at 206 ("If the statute's language is unambiguous, its plain meaning will prevail."). Subchapter F includes sections 411.083 and, in particular, 411.106 permitting the Department access to CHRI maintained by the DPS. *See* TEX. GOV'T CODE ANN § 411.106 (Vernon 2005). Accordingly, section 411.081(d) prevails over sections 411.083 and 411.106 with respect to CHRI subject to a nondisclosure order.[4]

Presuming that the Department is not a criminal justice agency, we conclude that the Department may not access CHRI that is subject to a nondisclosure order under section 411.081(d) because the Department is not among the entities in subsection (i) to which such information may be disclosed.

---

[3]Your letter assumes that the Department is not a criminal justice agency. *See* Request Letter, *supra* note 1, at 1–2; *see also* TEX. GOV'T CODE ANN. § 411.082(3)(A) (Vernon 2005) (defining "criminal justice agency" as "a federal or state agency that is engaged in the administration of criminal justice under a statute or executive order *and* that allocates a substantial portion of its annual budget to the administration of criminal justice" (emphasis added)).

[4]We note that Insurance Code section 4005.101(b), which authorizes the Department to deny a license or discipline a license holder if the license applicant or holder has "engaged in fraudulent or dishonest acts or practices" or "been convicted of a felony," also does not prevail over section 411.081(d). *See* TEX. INS. CODE ANN. § 4005.101(b)(5), (8) (Vernon 2008). Insurance Code section 4005.101(b) does not require or authorize the Department to access CHRI made unavailable pursuant to Government Code section 411.081(d) or authorize the DPS or another criminal justice agency to disclose such information to the Department. *See id.*

## S U M M A R Y

Presuming that the Texas Department of Insurance is not a criminal justice agency for purposes of Government Code section 411.081(d), the Department may not access criminal history record information that is subject to a nondisclosure court order under that section because the Department is not listed in subsection (i) among the entities to which such information may be disclosed.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ANDREW WEBER
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Sheela Rai
Assistant Attorney General, Opinion Committee